UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JORGE L. QUINONES : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:09-CV-1979(JCH) |
| : | |
| KOHLER MIX SPECIALTIES, LLC, : | |
| Defendants. : | APRIL 30, 2010 |
| : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 7)**

Plaintiff, Jorge L. Quinones, has brought this action against his former employer, defendant Kohler Mix Specialties, LLC ("Kohler"). In his Complaint, Quinones alleges that Kohler discriminated against him on the basis of race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1) and and Conn. Gen. Stat. § 46a-60(a)(1). See Complaint (Doc. No. 1). Kohler has filed a Motion to Dismiss Quinones's entire Complaint. See Mot. to Dismiss (Doc. No. 7). For the reasons that follow, the Motion to Dismiss is granted in part and denied in part.

**I.   FACTS**[1]

Quinones is of Hispanic and Puerto Rican descent. He began working for Kohler in May 2005. In August 2007, he was transferred to the department known as the "cooler." Quinones worked first as a machine operator and later as a palletizer operator. His immediate supervisor was Fernando Silva, who is of Portuguese descent.

Quinones's co-worker, Mike Santos, who was also of Portuguese descent, constantly harassed Quinones at work because of his race or national origin. Santos

---

[1] The facts are taken from the Complaint.

1

told Quinones that "there was a war in the street between Puerto Ricans and Portuguese." Quinones complained to Kohler of Santos' behavior, stating that he believed it was based on discriminatory animus. Kohler failed to investigate this complaint or to take remedial action.

After Quinones complained about Santos's harassment, Silva became overly critical of Quinones's job performance. Quinones was terminated on October 9, 2008. Kohler claimed that Quinones was terminated because he had damaged pallets, but other non-Puerto Rican employees were not terminated after they had damaged pallets.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)(citing Scheuer v. Rhodes, 416 U.S. 232, 236(1974)). The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511,

515, 45 S. Ct. 145, 69 L. Ed. 413 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. See Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. See United States v. City of N.Y., 359 F.3d 83, 87 (2d Cir. 2004). Bald assertions, and mere conclusions of law, do not suffice to meet the plaintiff's pleading obligations. See Amron v. Morgan Stanley Inv. Advisors Inc.,464 F.3d 338, 344 (2d Cir. 2006). Instead, plaintiffs are obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949.

### III.   DISCUSSION

#### A.   Failure to Exhaust Administrative Remedies

Kohler first argues that Claims One and Two of Quinones's Complaint, which allege racial discrimination, must be dismissed for lack of subject matter jurisdiction

because Quinones did not exhaust his administrative remedies. See Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 5. Specifically, Kohler claims that Quinones failed to allege racial discrimination in his administrative claim filed with the Equal Employment Opportunity Commission (EEOC) and the Connecticut Commission on Human Rights and Opportunities (CHRO). See Pl.'s CHRO Affidavit ("CHRO Aff."), Ex. A to Def.'s Mem. Quinones's administrative claims only address discrimination on the basis of national origin and ancestry. See CHRO Aff. at 1.

Before filing a Title VII or CFEPA claim[2] in federal court, a plaintiff must have pursued the available administrative remedies. See Deravin v. Kerik, 335 F.3d 195 (2d Cir. 2003); Ware v. Connecticut, 118 Conn. App. 65, 81 (App. Ct. 2009). Exhaustion is an "essential element of Title VII's statutory scheme." See Butts v. N.Y. Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993). However, claims that were not raised at the administrative level may be pursued in federal court if they are "reasonably related" to those alleged in the administrative complaint. See id. A claim is reasonably related if the "conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001). This is "essentially an allowance of loose pleading." See Butts at 1402.

In determining whether the claims are reasonably related, the court must look at the factual allegations describing the alleged discriminatory conduct made in the

---

[2] Connecticut antidiscrimination statutes should be interpreted "in accordance with federal antidiscrimination laws," and thus this court will address Quinones's Title VII and CFEPA claims together throughout this Ruling. See Curry v. Allan S. Goodman, Inc., 286 Conn. 390, 407 (Conn. 2008).

administrative claim. See Deravin at 201. Although claims of discrimination based on race and those based on national origin are distinct, courts have recognized that such claims may "substantially overlap or even be indistinguishable depending on the specific facts." See id. In particular, the Second Circuit noted that "because racial categories may overlap significantly with nationality or ethnicity, the line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible, or at least sufficiently blurred so that courts may infer that both types of discrimination would fall within the reasonable scope of the ensuing EEOC investigation for exhaustion purposes." See id. at 202 (internal citations and quotations omitted). Thus, the Second Circuit has held that it is "inappropriate" to "draw overly fine distinctions between race and national origin as part of the threshold exhaustion inquiry prior to the full development of a plaintiff's claims." See id.

In his affidavit to the CHRO, Quinones only made a claim of discrimination based on his national origin. The categories of Puerto Rican and Hispanic could be said to "substantially overlap," and the line between the two might be "sufficiently blurred" such that the EEOC would investigate both. See Deravin at 201-02. This is particularly true in this case, where the facts of Quinones's CHRO affidavit are the same as those in his Complaint. In his Complaint, he is not alleging any new incidents that are the basis of his racial discrimination claim; rather, he is alleging that the discrimination that took place in the incidents alleged in his CHRO affidavit and in his Complaint was based on both his race and his national origin. At this stage of the case, therefore, it would be inappropriate for the court to dismiss Quinones's racial discrimination claims before there has been a full development of his claims. The Motion to Dismiss is denied on

the basis of Kohler's argument that Quinones failed to exhaust administrative remedies on his racial discrimination claims.

      B.      <u>Failure to State a Claim</u>

The Supreme Court has held that plaintiffs need not make out a prima facie case of employment discrimination at the pleading stage. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002). Rather, to survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim for relief that is plausible on its face." <u>Patane v. Clark</u>, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The <u>Iqbal</u> plausibility standard for pleadings applies in conjunction with the <u>Swierkiewicz</u> employment discrimination pleading standards. Therefore, "while a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim." <u>Fowler v. Scores Holding Co.</u>, 2009 U.S. Dist. LEXIS 122191. at *6 (S.D.N.Y. Dec. 28, 2009).

Quinones's Complaint does not clarify the types of claims he is bringing under Title VII. However, from the facts that he has plead, Quinones appears to be making disparate treatment, hostile work environment, and retaliation claims for both race and national origin discrimination. The court will address Quinones's racial discrimination and national origin discrimination claims together, as Quinones pleads the same facts for all claims. Kohler argues that the facts as stated in Quinones's Complaint fail to

satisfy the Rule 8(a)(2) pleading requirement.[3]  See Def.'s Mem. at 6.  Kohler argues that much of Quinones's Complaint is conclusory, and thus should be disregarded.  See id. at 8-9.

### 1. Disparate Treatment

To establish a prima facie case of disparate treatment, Quinones must demonstrate: (1) that he is part of a protected class; (2) that he was qualified for his position; (3) that he suffered an adverse employment action; and (4) that the circumstances surrounding that employment action give rise to an inference of discrimination.  See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001).  A plaintiff relying on disparate treatment evidence to demonstrate the inference of discrimination must show that the individuals to whom he attempt to compare himself are "similarly situated in all material respects."  See Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

Quinones easily fulfills the first and third prongs of the prima facie case: he is Puerto Rican and he was terminated.  Kohler argues that Quinones does not provide any factual support for the claim that he was qualified for his position.  See Def.'s Mem. at 10.  However, because Quinones was employed with Kohler for over three years and held his position as a palletizer operator for over a year before his termination, this court can plausibly infer that by Kohler's own standards he was qualified.  Finally, Quinones alleges that Kohler fired him because he damaged pallets, but that "other similarly

---

[3] Although Kohler frames its argument against Counts Three and Four, the national origin claims, Kohler notes in a footnote that the argument also applies to Quinones's racial discrimination claims in Counts One and Two, and so the court will address this argument as though it covered the entirety of the Complaint.  See Def.'s Mem. at 6 n.5.

situated, non-Puerto Rican employees damaged pallets but were not terminated." See Compl. at ¶ 27. Kohler argues that Quinones's allegation that the employees who damaged pallets but were not fired were "similarly situated" is conclusory. See Def.'s Mem. at 8. Kohler is correct; Quinones does not provide any factual support for this allegation. Because Quinones must plead facts that show that he and those non-Puerto Rican employees are similarly situated in all material respects, he cannot use this disparate treatment to raise an inference of discrimination. Therefore, Quinones cannot make out a plausible prima facie case, and the Motion to Dismiss is granted as to Quinones's disparate treatment claims.

        2.        Hostile Work Environment

In his Complaint, Quinones alleges that his co-worker, Mike Santos "constantly harassed" him. He gives an example of this harassment, stating that Santos told him "there was a war in the street between Puerto Ricans and Portuguese." See Compl. at ¶¶ 17-18. Quinones states that he complained about this harassment to Kohler, but that Kohler did not investigate or take remedial action.

A hostile work environment claim requires the plaintiff to show that (1) the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and (2) that "a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002). The plaintiff must show that "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his] employment were thereby altered." See id. When the harassment is attributable to a co-worker, the employer will be liable only for its own

negligence, so a plaintiff must show that the employer "failed to provide a reasonable avenue for complaint or that it knew, or in the exercise of reasonable care should have know, about the harassment yet failed to take appropriate remedial action." See Duch v. Jakubek, 588 F.3d 757, 762 (2d Cir. 2009).

Although Quinones does not have to plead a prima facie case, the claim must be "facially plausible." See Fowler, 2009 U.S. Dist. LEXIS 122191. at *6.  Quinones did not plead sufficient facts to demonstrate plausibly that the harassment was "sufficiently severe or pervasive to alter" Quinones's employment and create an abusive work environment.  The two paragraphs in the Complaint addressing this claim, which state that Santos "constantly harassed" Quinones and detail the Santos's "war in the streets" statement, do not provide enough detail to plausibly show that Quinones's employment was altered due to this harassment.  To satisfy that standard, Quinones must "demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted" such that they altered the conditions of his working environment" See Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000).  Additionally, the test has subjective and objective elements: Quinones must subjectively perceive that the environment is abusive, and it must be pervasive enough to create an "objectively hostile or abusive work environment." See Alfano, 294 F.3d at 374.  Quinones's allegations, as put forth in the Complaint, do not satisfy this test.

Additionally, although Quinones complained to Kohler, Quinones does not allege that the harassment continued after Kohler was notified of the harassment, and so the court cannot plausibly assume that Santos's harassment took place after Kohler knew

about it.  Therefore, Quinones also does not satisfy the second prong of the hostile work environment test.  The Motion to Dismiss is granted with regard to Quinones's hostile work environment claims.

        3.      Retaliation

To establish a prima facie case of retaliation under Title VII or the CFEPA, a plaintiff must adduce sufficient evidence to permit a rational trier of fact to find that (1) he engaged in protected participation or opposition; (2) the employer was aware of that activity; (3) the employer took a materially adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action – that is, that a retaliatory motive played a role in the adverse action.  See Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205-206 (2d Cir. 2006).  The causal connection needed for proof of a retaliation claim "can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000).

Quinones has made out a plausible prima facie case of retaliation.  Quinones engaged in protected activity by complaining to Kohler of his co-worker's alleged racial harassment, and thus Kohler was aware of that activity.  This fulfills the first two elements.  Being terminated is a materially adverse action, and so Quinones satisfies the third prong.  Finally, Quinones must show a causal connection between the protected activity and the adverse action.  Kohler argues that Quinones's Complaint is

"devoid of any factual allegations that would be relevant toward showing that a causal connection existed." See Def.'s Mem. at 11.  Quinones does not provide the court with the timing of his complaint and his termination.  However, Quinones does allege that his supervisor became critical of his performance after he made the complaint, and that Kohler terminated him for conduct that others were not terminated for.  This circumstantial evidence provides the court with enough facts to plausibly infer a causal connection between Quinones's complaint and his termination.  Therefore, the Motion to Dismiss is denied on the grounds of retaliation.

## IV.    CONCLUSION

For the foregoing reasons, Kohler's Motion to Dismiss (Doc. No. 7) is hereby GRANTED in part and DENIED in part.  The court dismisses Quinones's disparate treatment and hostile work environment claims, with the right to replead within 21 days from the date of this Ruling.  If Quinones chooses to file an Amended Complaint, the court directs that he separate out his claims into individual counts.

Kohler's Motion to Dismiss is denied with respect to Quinones's retaliation claims.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 30th day of April, 2010.

          /s/ Janet C. Hall
       Janet C.  Hall
       United States District Judge